UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10011-RWZ

DEBORAH J. RICHMOND, et al.

v.

WELLS FARGO BANK, N.A.

ORDER

August 22, 2012

ZOBEL, D.J.

Pro se plaintiffs Deborah and Donald Richmond bring this action seeking injunctive and declaratory relief against defendant Wells Fargo Bank ("the Bank") for breach of contract, breach of the covenant of good faith and fair dealing, and violation of Mass. Gen. Laws ch. 93A, for the Bank's refusal to modify the mortgage on their Massachusetts residence, and to prevent foreclosure.[1]  Defendant opposes plaintiffs' motion for a preliminary injunction and has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiffs have not responded to defendant's motion to dismiss.  They have, however, filed an opposition to the Bank's response to their motion for a preliminary injunction (Docket # 15, hereinafter "Plaintiffs' Response"), which the court has considered in ruling on the Bank's motion.

A pleading must contain a "short and plain statement of the claim showing that

---

[1] Plaintiffs' Verified Complaint (Docket # 1 Ex. A) is styled as a motion for a preliminary injunction to prevent the Bank from foreclosing on their home.  Count IV of the complaint seeks a declaratory judgment.

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts pleaded must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

Plaintiffs' sparse complaint does not meet Iqbal's pleading standard. They allege only that defendant owns their mortgage, they have "fallen behind on their mortgage loan due to financial hardship," and although they tried to resolve their delinquency with defendant by working out a loan modification, the Bank "would not accept any terms." Compl. ¶¶ 4-9. They do not state a claim for breach of contract because they fail to identify any agreement with defendant that obligates defendant to modify their mortgage loan, much less the terms of such agreement that were breached. Linton v. New York Life Ins. and Annuity Corp., 392 F.Supp.2d 39, 41 (D. Mass. 2005) (to state a claim for breach of contract under Massachusetts law, plaintiff must show (1) that parties reached a valid and binding agreement, (2) that defendant breached the terms of this agreement, and (3) that plaintiff suffered damages from the breach). Likewise they fail to state a claim for breach of the implied covenant of good faith and fair dealing where they do not allege that they had a right under their mortgage contract to a loan modification. Speleos v. BAC Home Loans Servicing, L.P., 755 F.Supp.2d 304, 312 (D. Mass. 2010) (dismissing claim for breach of covenant of good faith and fair dealing where, inter alia, plaintiffs had not alleged the breach of any specific provision in either the Mortgage or the Note contracts with the defendants, and

2

defendants lacked an obligation in the Note or Mortgage to modify the loan).

Plaintiffs' Response references defendant's alleged suggestion that they apply for a loan modification under the Troubled Asset Relief Program ("TARP"), the Home Affordable Modification Program ("HAMP"), and the HOPE for Homeowners Program, and their resulting unsuccessful attempts to receive a modification. Even if they had mentioned such attempts in their complaint, however, their claims for relief would not lie. Stagikas v. Saxon Mortg. Servs. Inc., 795 F.Supp.2d 129, 135 (D. Mass. 2011) ("HAMP does not create a private right of action for borrowers.") (citing cases); Wallace v. Bank of Am., No. 10-CV-017-JL, 2010 WL 2574058, at *3 (D.N.H. June 17, 2010) ("Congress did not create a private right of action for individuals to sue banks under TARP . . . or the HOPE for Homeowners Act," and citing cases) report and recommendation adopted, No. 10-CV-17-JL, 2010 WL 3219355 (D.N.H. Aug. 10, 2010).

Plaintiffs' Chapter 93A claim fails as well. They have not alleged that they have complied with the law's pre-suit demand requirement. Mass. Gen. Laws ch. 93A, § 9(3) (requiring claimant, at least thirty days prior to filing suit, to send to prospective respondent "a written demand for relief . . . reasonably describing the unfair act or practice relied upon and the injury suffered. . . ."), Okoye v. Bank of New York Mellon, at *4 (a respondent holding a "recorded mortgage secured by real property located in the Commonwealth" holds an "asset[ ] within the commonwealth" and must be served with pre-suit demand letter pursuant to Chapter 93A), No. 10-11-563-DPW, 2011 WL 326986, at *4 (D. Mass. July 28, 2011) (quoting In re Anderson, No. 04-44554-JBR,

2006 WL 278674, at * 1 (Bankr. D. Mass. Sept. 26, 2006)). Nor have they identified in their complaint any conduct by defendant that is unfair or deceptive. Although Plaintiffs' Response suggests that the Bank somehow acted wrongfully by suggesting that they apply for loan modifications, such vague allegations, had they been included the complaint, are insufficient to state a claim under Chapter 93A. <u>Iqbal</u>, 129 S.Ct. at 1950 (well-pleaded complaint must allow court to infer more than the "mere possibility of misconduct"); <u>Okoye</u>, 2011 WL 326986, at *8 ("The failure to modify a loan under HAMP, without more, cannot constitute a Chapter 93A violation.").

Defendant's motion to dismiss (Docket #13) is ALLOWED. Judgment may be entered dismissing the complaint (styled as a motion for a preliminary injunction).

|  August 22,2012  |  /s/Rya W. Zobel  |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |